UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| RANDALL CONRAD KENNEDY | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| EARL MARQUAVIN EDWARDS, | § | |
| CR ENGLAND, INC., AND CR | § | |
| ENGLAND, INC., CORPORATION | § | JURY DEMANDED |

## STATE COURT DOCUMENTS

Case Docket Sheet

09/23/15   Plaintiff's Original Petition

10/15/15   Citation for Service on C.R. England, Inc., *via its Registered Agent for Service*
• Certificate of Return of Service on C.R. England, Inc., served 10/05/15

10/15/15   Citation for Service on CR England, Inc., Corporation, *via its Registered Agent for Service*
• Certificate of Return of Service on CR England, Inc., Corporation, served 10/06/15

10/22/15   Defendants' Original Answer

Respectfully submitted,

By:      /s/Austin L. Webber
Austin L. Webber, Attorney-in-Charge
State Bar No. 24066271; Fed. ID No. 1079582
611 S. Upper Broadway
Corpus Christi, Texas 78401
361-883-1594
361-883-1599 Telecopy
austin@texasdefenselaw.cc

ATTORNEY-IN-CHARGE FOR DEFENDANTS, C.R. ENGLAND, INC., AND "CR ENGLAND, INC., CORPORATION"

OF COUNSEL:
DUNN, WEATHERED, COFFEY, RIVERA & KASPERITIS, P.C.
611 S. Upper Broadway
Corpus Christi, Texas 78401
361-883-1594
361-883-1599 Telecopy

### CERTIFICATE OF SERVICE

I, Austin L. Webber, do hereby certify that a true and correct copy of the foregoing instrument was forwarded in accordance with the Federal Rules of Civil Procedure on this the 30th day of October, 2015, to the following:

**Via Electronic Service**
Mr. Augusto Guerra
VILLARREAL & BEGUM, PLLC
5826 IH-10 West
San Antonio, Texas 78201

ATTORNEYS FOR PLAINTIFF

/s/ Austin L. Webber
Austin L. Webber

**iDocket.com** — Your gateway to court case information.

Search | Case History | Parties | Attorneys | Links | Services

[All] | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

Check out our new affordable subscription plans at
**iDocket.com**

View Case Track™ ─────────── ───── ─── Start Case Track™

Civil Docket; Case 2015CVT003114 D3; Inj or Damage Other Than Motor Vehicle
KENNEDY, RANDALL CONRAD vs CR ENGLAND INC et al
Filed 09/23/2015 - Disposition:
341st District Court, District Clerk, Webb County, Texas

Court Settings:
11/30/2015   13:30 PM

───────────────────────────────── Help

| Date | Description/Comments | Reference | Typ | Amount |
|------|---------------------|-----------|-----|--------|
| 09/23/2015 | *IMG*INJURY OR DAMAGE | | TXT | |
| 09/23/2015 | JURY DEMAND PAID BY AUGUST GUERRA | | " | |
| 09/24/2015 | Case Status entered as ACTV. | | " | |
| 09/24/2015 | Case Status ACTV: Active | | " | |
| 09/24/2015 | For EARL MARQUAVIN EDWARDS | | " | |
| 09/25/2015 | Court date/time: 11/30/2015 13:30 H earing Type: 17 Clndr Call | | " | |
| 09/25/2015 | Assignment of court date/time. | | " | |
| 09/25/2015 | Status entered as Open | | " | |
| 09/25/2015 | *IMG*SIX CITATIONS ISSUED-HELD BY CLER K PENDING COPIES OF PETITION | | " | |
| 09/25/2015 | ANDS.A.S.E | | " | |
| 09/25/2015 | CITATIONS PLACED IN PRIVATE SERVER'S B OX ON 10/01/2015 | | " | |
| 09/25/2015 | *IMG*CALENDAR CALL FAXED TO ATTORNEY | | " | |
| 09/29/2015 | *IMG* LETTER FROM VILLARREAL & BEGUM L AW GROUP DATED 9/29/15 | | " | |
| 09/29/2015 | IN RE: PAYMENT FOR COPIES | | " | |
| 10/15/2015 | *IMG* AFFIDAVIT OF SERVICE (MARIA GARC IA) DOS: 10/5/15. (EJG) | | " | |
| 10/15/2015 | *IMG* AFFIDAVIT (KAILEN JOHNSON) DOS: 10/6/15. (EJG) | | " | |
| 10/22/2015 | *IMG* DEFENDANTS, C.R. ENGLAND, INC., AND "CR ENNGLAND, INC., | | " | |
| 10/22/2015 | CORPORATION'S" ORIGINAL ANSWER. (SL) | | " | |
| 10/22/2015 | {FILED BY ATTY. AUSTIN WEBBER} | | " | |

Search | Case History | Parties | Attorneys | Links | Services                    [ Site Map ] [ Return to Top ]

 CT Corporation

**Service of Process Transmittal**
10/05/2015
CT Log Number 527935927

TO:   T.J. England
C.R. England, Inc.
4701 W 2100 S
Salt Lake City, UT 84120-1223

RE:   **Process Served in Texas**

FOR:   C.R. England, Inc.  (Domestic State: UT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Randall Conrad Kennedy, Pltf. vs. Earl Marquavin Edwards, et al., Dfts. // To: CR England, Inc. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Citation(s), Return(s), Original Petition, Notice, Attachment(s) |
| **COURT/AGENCY:** | 341st Judicial District Court, Webb County, TX Case # 2015CVT003114D3 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 11/24/2014 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/05/2015 at 10:25 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next after the expiration of 20 days |
| **ATTORNEY(S) / SENDER(S):** | Augusto Guerra Villarreal & Begum, PLLC 5826 IH-10 West San Antonio, TX 78201 210-233-6904 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/06/2015, Expected Purge Date: 10/11/2015 |
| | Image SOP |
| | Email Notification,  Becky Koplin  becky.koplin@crengland.com |
| | Email Notification,  T.J. England  Tj.england@crengland.com |
| | Email Notification,  Kelly Larson  kelly.larson@crengland.com |
| | Email Notification,  Jesse Hayes  jesse.hayes@crengland.com |
| | Email Notification,  Tyler Hayes  Tyler.hayes@crengland.com |
| | Email Notification,  Lisa Serrano  lisa.serrano@crengland.com |
| | Email Notification,  Kelly Lowrey  kelly.lowrey@crengland.com |

Page 1 of  2 / KM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

OCT 0 6 2015

 CT Corporation

**Service of Process Transmittal**
10/05/2015
CT Log Number 527935927

TO: T.J. England
C.R. England, Inc.
4701 W 2100 S
Salt Lake City, UT 84120-1223

RE: **Process Served in Texas**

FOR: C.R. England, Inc. (Domestic State: UT)

SIGNED: C T Corporation System
ADDRESS: 1999 Bryan Street
Suite 900
Dallas, TX 75201
TELEPHONE: 214-932-3601

Page 2 of 2 / KM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

RETURN
2015CVT003114 D3

## CITATION

THE STATE OF TEXAS                    COURT DATE 11/30/2015@1:30PM
COUNTY OF WEBB

10|5 by CM
10:20 AM
5cH
157H

exp.

10|31|17

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.
IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO
ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION
OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT
JUDGMENT MAY BE TAKEN AGAINST YOU."

TO: CR ENGLAND INC CORPORATION BY SERVING CT CORPORATION SYSTEM AT:
    1999 BRYAN ST STE 900
    DALLAS,   TX 75201

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY
COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT of Webb County, Texas,
to be held at the said courthouse of said county in the city of Laredo, Webb
County, Texas, by filing a written answer to the Petition of Plaintiff at or
before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days
after the date of service thereof, a copy of which accompanies this citation,
in the Cause #: 2015CVT003114 D3 , styled:
    RANDALL CONRAD KENNEDY, PLAINTIFF
    VS.
    CR ENGLAND INC CORPORATION,CR ENGLAND INC AND EARL M. EDWARDS DEFENDANTS
Said Plaintiff's Petition was filed on 09/23/2015 in said court by:
    AUGUSTO GUERRA, ATTORNEY FOR PLAINTIFF
    521 STARR ST
    CORPUS CHRISTI,   TX

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and
given under my hand and seal of said court at office, this 25 day of September,
2015.

### C L E R K   O F   C O U R T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____ DEPUTY
        ESMERALDA ALVARADO

2015CVT003114 D3

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2015 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2015, by delivering to the within named
CR ENGLAND INC CORPORATION, each, in person, a true copy of this citation
together with the accompanying copy of the petition, having first attached
such copy of such petition to such copy of citation and endorsed on such copy
of citation the date of delivery.

The distance actually traveled by me in serving such process was _____
miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.


_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
                                    DEPUTY

THE STATE OF TEXAS  }
COUNTY OF WEBB      }

Before me, the undersigned authority, on this day personally appeared
_____, who after being duly sworn, upon oath said
that a notice, of which the above is a true copy, was by him/her delivered
to _____ on the _____ day of
_____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.


_____
                        NOTARY PUBLIC
MY COMMISSION EXPIRES _____

 CT Corporation

**Service of Process Transmittal**
10/06/2015
CT Log Number 527942078

TO:     T.J. England
        C.R. England, Inc.
        4701 W 2100 S
        Salt Lake City, UT 84120-1223

RE:     **Process Served in Texas**

FOR:    C.R. England, Inc.  (Domestic State: UT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RANDALL CONRAD KENNEDY, Pltf. vs. EARL MARQUAVIN EDWARDS, et al., Dfts. // To: C.R. England, Inc. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition, Notice, Calendar Call Settings |
| **COURT/AGENCY:** | 341st Judicial District Court, Webb County, TX<br>Case # 2015CVT003114D3 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 11/24/2014 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/06/2015 at 13:40 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Augusto Guerra<br>VILLARREAL & BEGUM, PLLC<br>5826 IH-10 West<br>San Antonio, TX 78201<br>(210) 233-6904 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/06/2015, Expected Purge Date: 10/11/2015<br><br>Image SOP<br><br>Email Notification,  Becky Koplin  becky.koplin@crengland.com<br><br>Email Notification,  T.J. England  Tj.england@crengland.com<br><br>Email Notification,  Kelly Larson  kelly.larson@crengland.com<br><br>Email Notification,  Jesse Hayes  jesse.hayes@crengland.com<br><br>Email Notification,  Tyler Hayes  Tyler.hayes@crengland.com<br><br>Email Notification,  Lisa Serrano  lisa.serrano@crengland.com<br><br>Email Notification,  Kelly Lowrey  kelly.lowrey@crengland.com |

Page 1 of  2 / SW

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process
Transmittal**
10/06/2015
CT Log Number 527942078

TO:     T.J. England
        C.R. England, Inc.
        4701 W 2100 S
        Salt Lake City, UT 84120-1223

RE:     **Process Served in Texas**

FOR:    C.R. England, Inc.  (Domestic State: UT)

SIGNED:         C T Corporation System
ADDRESS:        1999 Bryan Street
                Suite 900
                Dallas, TX 75201
TELEPHONE:      214-932-3601

Page 2 of  2 / SW

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

SERVE
2015CVT003114 D3

## CITATION

THE STATE OF TEXAS                    **COURT DATE 11/30/2015@1:30PM**
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  CR ENGLAND INC BY SERVING CT CORPORATION SYSTEM AT:
     1999 BRYAN ST STE 900
     DALLAS, TX 75201

*10/6 1:40PM*
*by CM SCH*
*1514*
*exp.*
*10/3(11)*

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2015CVT003114 D3 , styled:
     RANDALL CONRAD KENNEDY, PLAINTIFF
     VS.
     CR ENGLAND INC,CR ENGLAND INC CORPORATION AND EARL M. EDWARDS DEFENDANTS
Said Plaintiff's Petition was filed on 09/23/2015 in said court by:
     AUGUSTO GUERRA, ATTORNEY FOR PLAINTIFF
     521 STARR ST
     CORPUS CHRISTI,   TX

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 25 day of September, 2015.

           C L E R K    O F    C O U R T



                              ESTHER DEGOLLADO
                              WEBB COUNTY DISTRICT CLERK
                              P.O. BOX 667
                              LAREDO, TX 78042

                    BY: _____DEPUTY
                         ESMERALDA ALVARADO

2015CVT003114 D3

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2015 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2015, by delivering to the within named
CR ENGLAND INC, each, in person, a true copy of this citation together with
the accompanying copy of the petition, having first attached such copy of
such petition to such copy of citation and endorsed on such copy of citation
the date of delivery.

The distance actually traveled by me in serving such process was _____
miles, and my fees are as follows:

Total Fee for serving this citation      $ _____.

To certify which, witness my hand officially.


                                    _____
                                    SHERIFF, CONSTABLE

                                    _____ COUNTY, TEXAS

                              BY _____
                                                        DEPUTY

THE STATE OF TEXAS }
COUNTY OF WEBB     }

Before me, the undersigned authority, on this day personally appeared
_____, who after being duly sworn, upon oath said
that a notice, of which the above is a true copy, was by him/her delivered
to _____ on the _____ day of
_____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____,
_____, to certify which witness my hand and seal of office.


                                    _____
                                                        NOTARY PUBLIC
                              MY COMMISSION EXPIRES _____

9/23/2015 5:06:20 l
Esther Degolla
District Cl
Webb Dist
Esmeralda Alvar
2015CVT003114

NO._____

| | | |
|---|---|---|
| RANDALL CONRAD KENNEDY | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| | § | |
| EARL MARQUAVIN EDWARDS , | § | |
| CR ENGLAND, INC., and CR | § | |
| ENGLAND, INC. CORPORATION | § | |
| Defendants. | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES RANDALL CONRAD KENNEDY hereinafter called Plaintiff, complain-

ing of Defendants, EARL MARQUAVIN EDWARDS (hereinafter EDWARDS) and CR

ENGLAND, INC., for cause of action show unto the Court the following:

### I.

### DISCOVERY CONTROL PLAN

Plaintiff intends that discovery be conducted under Discovery Level 3 pursuant to Rule

190.4 of the Texas Rules of Civil Procedure.

### II.

### ATTACHED DISCOVERY

Attached, please find Plaintiff's Requests for Disclosure; Plaintiff's First Set of

Interrogatories and Request for Production; and Plaintiff's Request for Admissions to

Defendants, EARL MARQUAVIN EDWARDS and CR ENGLAND, INC..

## III.

## PARTIES AND SERVICE

Plaintiff **RANDALL CONRAD KENNEDY** is a resident of Webb County, Texas.

Defendant **EARL MARQUAVIN EDWARDS** is an individual and resides in the state

of Mississippi, where he may be served with process at his residence: 267 RD 1562 B, Tupelo,

MS 38804.

Defendant **CR ENGLAND, INC.** is a Domestic For-Profit Corporation doing business in

the State of Texas. It may be served with process through its registered agent, CT CORPORA-

TION SYSTEM, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

Defendant **CR ENGLAND, INC. CORPORATION** is a Domestic For-Profit Corpora-

tion doing business in the State of Texas. It may be served with process through its registered

agent, CT CORPORATION SYSTEM, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

**Pursuant to TEXAS RULES OF CIVIL PROCEDURE 28, if any Defendant to this suit has**

**been incorrectly named it is instructed to answer suit in its proper name.**

## IV.

## JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court.

This court has jurisdiction over Defendants because Defendants conduct business in the

State of Texas.

Venue is proper in Webb County because a substantial part of the events or omissions

giving rise to this claim occurred in the county. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

## V.

## FACTS

2

On or about November 24, 2014, Plaintiff RANDALL CONRAD KENNEDY was traveling westbound on FM 255 in Laredo, Webb County, Texas. At that time, Defendant EDWARDS, while in the course and scope of his employment with Defendant CR ENGLAND, INC., was traveling northbound on Las Minas rd. Defendant EDWARDS failed to yield the right of way at a stop sign as he drove through the intersection of FM 255. and Las Minas Rd., causing a collision with Plaintiff's vehicle. Defendant EDWARDS caused Plaintiff to suffer serious injuries and other damages.

Defendant CR ENGLAND, INC. hired EDWARDS. Defendant CR ENGLAND, INC., failed to consult reasonable sources of information to learn about EDWARDS's qualifications and driving abilities. Because of CR ENGLAND, INC.'s failure, EDWARDS was allowed to drive on the open roadways and injure Plaintiff. CR ENGLAND, INC., then failed to adequately supervise and monitor EDWARDS. Had CR ENGLAND, INC., done so, it would not have retained EDWARDS and Plaintiff would not have been injured.

## VI.

## NEGLIGENCE OF

Defendant EDWARDS had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by Defendant EDWARDS' negligent and careless disregard of said duty.

The negligent and careless disregard of duty of Defendant EDWARDS consisted of, but is not limited to, the following acts and omissions:

A.    In that Defendant EDWARDS failed to keep a proper lookout for Plaintiff's safety;

B.    In that Defendant EDWARDS failed to take reasonable evasive action;

3

D.    In that Defendant EDWARDS failed to drive as reasonable and prudent person(s) would have driven under the same or similar circumstances;

E.    In that Defendant EDWARDS failed to pay attention in his driving as a person using ordinary prudent care would have done in a similar situation;

G.    In that Defendant EDWARDS failed to yield right of way.

The statutes cited above are intended to protect a class of persons of which Plaintiff is a member. Defendant EDWARDS was negligent per se.

## VII.

### CRST EXPEDITED, INC. RESPONDEAT SUPERIOR

Defendant EDWARDS was within the course and scope of employment for Defendant CR ENGLAND, INC., immediately prior and at the time of the occurrence of the act in question. Defendant CR ENGLAND, INC. was engaged in the furtherance of Defendant CR ENGLAND, INC.'s business immediately prior and at the time of the occurrence of the act in question.

At the time of the occurrence of the act in question and immediately prior thereto, EDWARDS was engaged in accomplishing a task for which EDWARDS was employed.

Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant CR ENGLAND, INC.

## VIII.

### NEGLIGENT ENTRUSTMENT AGAINST
### CR ENGLAND, INC.

On November 24, 2014, Defendant CR ENGLAND, INC. was the owner or lessor of the vehicle operated by CR ENGLAND, INC.

Defendant CR ENGLAND, INC. entrusted the vehicle to Defendant EDWARDS, a reckless and incompetent driver. Defendant EDWARDS was in the course and scope of his employment with Defendant CR ENGLAND, INC. at the time of the collision.

4

Defendant CR ENGLAND, INC., knew, or through the exercise of reasonable care should have known, that Defendant EDWARDS was a reckless and/or incompetent driver.

As described, Defendant EDWARDS was negligent on the occasion in question. Defendant EDWARDS' negligence was the proximate cause of Plaintiff's damages.

## IX.

### NEGLIGENT HIRING AGAINST CR ENGLAND, INC.

Defendant CR ENGLAND, INC., owed the Plaintiff a legal duty to hire, supervise, train, or retain competent employees.

Defendant CR ENGLAND, INC. breached that duty by:

1.  Hiring Defendant Edwards;

2.  Failing to inquire into Defendant Edwards's competence and qualifications;

3.  Failing to adequately supervise Defendant Edwards;

4.  Failing to adequately train Defendant Edwards; and/or

5.  Failing to exercise reasonable care in retaining Defendant Edwards as an employee;

Defendant CR ENGLAND, INC.'s forgoing actions and omissions, both collective and respectively, proximately caused the Plaintiff's injury.

## X.

Each of the foregoing acts and/or omissions, singularly or in any combination with others, constituted negligence and/or gross negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

Gross negligence is defined herein as (1) an act and/or omission, when viewed objectively from the Defendant's standpoint, involved an extreme degree of risk, and (2) the

Defendant had actual, subjective awareness of the risk but proceeded with a conscious indifference to the rights, safe, or welfare of others.

## XI.

## DAMAGES

Plaintiff seeks to recover the following elements of damages, which were proximately caused by Defendants' negligence and/or gross negligence:

A. Reasonable medical care and expenses in the past.
B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
C. Physical pain and suffering in the past;
D. Physical pain and suffering in the future;
E. Physical impairment in the past;
F. Physical impairment which, in all reasonable probability, will be suffered in the future;
G. Loss of earnings in the past;
H. Loss of earning capacity which will be, in all probability, incurred in the future;
I. Disfigurement in the past;
J. Disfigurement in the future;
K. Mental anguish in the past;
L. Mental anguish in the future;
M. Cost of medical monitoring and prevention in the future; and

Plaintiff also seeks to recover punitive damages, prejudgment interest, post-judgment interest, and court costs. Plaintiff's damages exceed the Court's jurisdictional minimum.

## XII.

## PLAINTIFF'S DESIGNATION OF TRCP 47(b) & (c) MONETARY RELIEF

Plaintiff believes that the amount of damages to which he is entitled should be determined by a jury of his peers. However, in compliance with the Texas Rules of Civil Procedure, Plaintiff would show the Court that (1) the damages sought are within the jurisdictional limits of the Court, and (2) the monetary relief sought by the Plaintiff is more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest

6

and attorney fees.  Plaintiff pleads for such relief to allow the jury the necessary discretion to award damages in the amount it sees fit.

## XIII.

## REQUESTS FOR DISCLOSURE TO DEFENDANTS EARL MARQUAVIN EDWARDS CR ENGLAND, INC.

Plaintiff requests that Defendants disclose, within 50 days of the service of this petition and request, the information or material described in 1) TRCP 194.2(a)—(l) and (2) pursuant to TRCP 190.2 (c)(6), all documents, electronic information and tangible items that the Defendants have in their possession, custody or control and may use to support its claims and/or defenses.

## XIV.

## REQUESTS FOR ADMISSIONS TO DEFENDANT EARL MARQUAVIN EDWARDS

Pursuant to Rule 198, Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Admissions to Defendant EDWARDS. Defendant's response is due within fifty (50) days from the date of service thereof.

**REQUEST FOR ADMISSION NO. 1:**
That you were driving a 2013 Freightliner with License Plate No. 2184203 on the date of the collision made the basis of this suit.

ANSWER:

**REQUEST FOR ADMISSION NO. 2:**
That the vehicle driven by you was owned by you at the time of the collision made the basis of this suit.

ANSWER:

**REQUEST FOR ADMISSION NO. 3:**
That the vehicle driven by you was being operated by you with the permission of its registered owner(s), on the date of the collision made the basis of this suit.

ANSWER:

**REQUEST FOR ADMISSION NO. 4:**
That the vehicle driven by you was owned by you and was under the operation and control of

7

you, acting within the course and scope of any employment, service or agency at the time of the collision made the basis of this suit.

ANSWER:

**REQUEST FOR ADMISSION NO. 5:**
That the vehicle driven by you was owned by your employer and was under your operation and control, acting within the course and scope of any employment, service or agency at the time of the collision made the basis of this suit.

ANSWER:

**REQUEST FOR ADMISSION NO. 6:**
That you caused the collision made the basis of this lawsuit.

ANSWER:

**REQUEST FOR ADMISSION NO. 7:**
That your actions were the sole cause of the collision made the basis of this lawsuit.

ANSWER:

**REQUEST FOR ADMISSION NO. 8:**
That no other entity contributed to cause the collision made the basis of this lawsuit.

ANSWER:

**REQUEST FOR ADMISSION NO. 9:**
That Plaintiff did not contribute to the cause of the collision made the basis of this lawsuit.

ANSWER:

**REQUEST FOR ADMISSION NO. 10:**
That the vehicle driven by you was in a dangerous or unsafe condition, to wit: the brakes in the vehicle were defective at the time of the collision made the basis of this suit.

ANSWER:

**REQUEST FOR ADMISSION NO. 11:**
That you failed to maintain a proper lookout at the time of the collision made the basis of this suit.

ANSWER:

**REQUEST FOR ADMISSION NO. 12:**

That immediately prior to impact, you failed to apply proper braking of your vehicle in an effort to avoid the collision complained of.

ANSWER:

**REQUEST FOR ADMISSION NO. 13:**
That immediately prior to impact, you failed to execute proper evasive action to demonstrate your intent to avoid the collision complained of.

ANSWER:

**REQUEST FOR ADMISSION NO. 14:**
That immediately prior to impact, you entered Plaintiff's immediate vicinity when it was unsafe to do so, on the date of the collision made the basis of this lawsuit.

ANSWER:

**REQUEST FOR ADMISSION NO. 15:**
That Plaintiff was injured as a result of the collision made the basis of this lawsuit.

ANSWER:

**REQUEST FOR ADMISSION NO. 16:**
Admit that Plaintiff received reasonable and necessary medical treatment for the injuries he sustained as a result of the collision made the basis of this lawsuit.

ANSWER:

**REQUEST FOR ADMISSION NO. 17:**
Admit that the charges for Plaintiff's medical treatment, for the injuries they sustained as a result of the collision made the basis of this lawsuit, were reasonable and necessary for the types of services provided to him in the Webb County, Texas, area.

ANSWER:

**REQUEST FOR ADMISSION NO. 18:**
That you were personally served with the summons and complaint.

ANSWER:

**REQUEST FOR ADMISSION NO. 19:**
That a resident of your household was personally served with the summons and complaint.

ANSWER:

**REQUEST FOR ADMISSION NO. 20:**
That you have no basis to assert as a defense or affirmative defense to this lawsuit for: "lack of

9

service of process."

ANSWER:

**REQUEST FOR ADMISSION NO. 21:**
That you have no basis to assert as a defense or affirmative defense to this lawsuit for: "insufficiency of service of process."

ANSWER:

**REQUEST FOR ADMISSION NO. 22:**
That you have no basis to assert as a defense or affirmative defense to this lawsuit: "lack of personal jurisdiction."

ANSWER:

**REQUEST FOR ADMISSION NO. 23:**
That Plaintiff offered your employer's insurance company an opportunity to settle Plaintiff's claim within the insurance policy limits.

ANSWER:

**REQUEST FOR ADMISSION NO. 24:**
That at the time of the crash made the basis of this lawsuit you were under the influence of drugs or narcotics.

ANSWER:

**REQUEST FOR ADMISSION NO. 25:**
That at the time of the crash made the basis of this lawsuit you were covered/insured with automobile liability insurance.

ANSWER:

**REQUEST FOR ADMISSION NO. 26:**
That at the time of the crash made the basis of this lawsuit you were traveling at an unsafe speed.

ANSWER:

**REQUEST FOR ADMISSION NO. 27:**
That at the time of the collision made the basis of this suit, Plaintiff would not have been able to avoid the collision.

ANSWER:

**REQUEST FOR ADMISSION NO. 28:**

That at the time of the collision made the basis of this suit, you were acting within the course and scope of your employment with CR ENGLAND, INC.

ANSWER:

## XV.

## INTERROGATORIES TO DEFENDANT EARL MARQUAVIN EDWARDS

**INTERROGATORY NO. 1:** Please state your full and complete name, any "CB" radio name or "handle" and other nicknames you have ever used, date of birth, social security number, your present home address, residence and cellular telephone number and, if different, your complete home address and telephone number at the time of the incident.

ANSWER:

**INTERROGATORY NO. 2:** Please identify your employer (include the complete name, current address, and current telephone number) at the time of the incident; and specify whether this employer is your current employer.

ANSWER:

**INTERROGATORY NO. 3:** In reference to the trip you were making and/or the cargo you were transporting at the time of the incident, please provide the following information:

(a)    The exact location of your point of origin departure (before you picked up the cargo);
(b)    The exact date and approximate time of your point of origin departure;
(c)    The exact location of your cargo pickup
(d)    The exact date and approximate time of your cargo pickup;
(e)    If you signed any documents upon pickup of the cargo, please identify those documents;
(f)    If you did not load the cargo, identify who loaded the cargo;
(g)    The exact date and approximate time of your departure from the pickup site;
(h)    The identity of the shipper of the cargo;
(i)    The intended cargo receiver's name(s), location(s) and date(s) and approximate time(s) you expected the cargo to be delivered;
(j)    If the cargo was delivered after the incident, identify who delivered the cargo and on what date(s); and
(k)    The owner of the truck and trailer you were in at the time of the collision.

ANSWER:

**INTERROGATORY NO. 4:** Did the company who employed you at the time of the incident ever give you any written or oral examinations or tests to determine your driving qualifications? If yes, please describe the given tests, the material used to prepare for such tests, and the approximate dates of such tests.

11

ANSWER:

**INTERROGATORY NO. 5:** Describe the events leading up to the incident and the actual moment of the incident (i.e. what happened?).

ANSWER:

**INTERROGATORY NO. 6:** Did the company who employed you at the time of the incident ever require you to attend safety meetings? If yes, please state whether attendance was mandatory, the material used at the safety meetings, describe the topics discussed, who instructed the safety meetings, and the approximate dates of the safety meetings.

ANSWER:

**INTERROGATORY NO. 7:** Did the company under whom you were employed at the time of the incident ever provide any type of training regarding your job duties, including safety training? If so, please identify the type of training, person who conducted such training, the materials used for such training and the approximate dates and state whether you received any type of certificate of completion.

ANSWER:

**INTERROGATORY NO. 8:** Did you assist in any way or talk to the Plaintiff following the incident? If so, please describe how you assisted the Plaintiff and/or the substance of your conversation with him.

ANSWER:

**INTERROGATORY NO. 9:** Have you ever been convicted of a felony or a crime involving moral turpitude, been given a traffic citation, been in an automobile accident or had your driver's license revoked or suspended? If so, please explain the circumstances surrounding each in detail, the disposition of each matter, the county, city, state and the court you appeared for such matter. Please include any charges filed against you as a result of this incident.

ANSWER:

**INTERROGATORY NO. 10:** Have you ever been either a Plaintiff or Defendant in a lawsuit, other than this one? If so, for each such lawsuit, please provide the Cause Number; style/parties of the case; year, county and state where it was filed; and describe the current or final disposition of the matter.

ANSWER:

12

**INTERROGATORY NO. 11:** Do you contend that any acts and/or omissions of Plaintiff or any other person contributed in any way to cause the collision made the basis of this suit? If so, then describe in detail the basis for such contention.

ANSWER:

**INTERROGATORY NO. 12:** Did you sustain an injury in the collision made the basis of this suit? If so, describe the injuries and identify any medical providers that diagnosed or treated such injuries and whether or not you're still treating for those injuries.

ANSWER:

**INTERROGATORY NO. 13:** Did you ingest any alcohol, drug or other substance in the 48 hours preceding the incident made the basis of this suit that might have affected in any way your mental condition or alertness at the time of said incident? If so, please explain fully.

ANSWER:

**INTERROGATORY NO. 14:** Describe any traffic citation you received as a result of the collision made the basis of this lawsuit, including the type of law violation cited for, the name and location of the Court involved, the cause number and style of any lawsuit arising from said collision (other than this one), and the disposition of the case.

ANSWER:

## XVI.

## REQUESTS FOR ADMISSIONS TO DEFENDANT
## CR ENGLAND, INC. AND CR ENGLAND, INC. CORPORATION

Plaintiff makes the following Requests for Admission pursuant to Rule 198 of the Texas Rules of Civil Procedure. Responses are due 50 days after service of these Requests, and should be made to the address of Plaintiff's attorney. You must specifically admit or deny each Request. A failure to specifically answer any Request, or an evasive answer to any Request, will be taken as an admission of truth of such Request.

**REQUEST FOR ADMISSION NO. 1:**
Admit that Defendant EARL MARQUAVIN EDWARDS was driving the 2013 Freightliner with License Plate No. 2184203 involved in the incident made the basis of the suit.

ANSWER:

**REQUEST FOR ADMISSION NO. 2:**
Admit you entrusted the 2013 Freightliner with License Plate No. 2184203 involved in the wreck at issue in this lawsuit to Defendant EARL MARQUAVIN EDWARDS .

ANSWER:

**REQUEST FOR ADMISSION NO. 3:**
As of the date of the incident at issue in this lawsuit, admit Defendant EARL MARQUAVIN EDWARDS  was an incompetent driver.

ANSWER:

**REQUEST FOR ADMISSION NO. 4:**
Admit that as of the date of the incident at issue in this lawsuit, Defendant EARL MARQUAVIN EDWARDS was a reckless driver.

ANSWER:

**REQUEST FOR ADMISSION NO. 5:**
Admit that Plaintiff was injured as direct and proximate result of your negligence.

ANSWER:

**REQUEST FOR ADMISSION NO. 6:**
Admit that Plaintiff has incurred reasonable and necessary medical expenses as a direct result of the incident which is the subject of the lawsuit.

ANSWER:

**REQUEST FOR ADMISSION NO. 7:**
Admit that Plaintiff will incur reasonable and necessary future expenses as a direct result of the incident which is the subject of the lawsuit.

ANSWER:

**REQUEST FOR ADMISSION NO. 8:**
Admit that Plaintiff's non-economic damages are as a direct result of the incident which is the subject of the lawsuit.

ANSWER:

**REQUEST FOR ADMISSION NO. 9:**
Admit that Plaintiff incurred damages as a direct result of the incident which is the subject of the lawsuit.

ANSWER:

**REQUEST FOR ADMISSION NO. 10:**
Admit that Plaintiff has suffered physical pain and suffering damages in the past, and will continue to incur physical pain and suffering damages in the future because of the crash at issue in

14

this lawsuit.

ANSWER:

**REQUEST FOR ADMISSION NO. 11:**
Admit that Plaintiff has incurred lost wages and loss of earning capacity in the past, and will continue to incur lost wages and loss of earning capacity in the future because of the crash at issue in this lawsuit.

ANSWER:

**REQUEST FOR ADMISSION NO. 12:**
Admit that Plaintiff has suffered mental anguish in the past and in the future because of the crash at issue in this lawsuit.

ANSWER:

**REQUEST FOR ADMISSION NO. 13:**
Admit that Plaintiff suffered injuries in a motor vehicle collision as a result of being struck by an employee of CR ENGLAND, INC.

ANSWER:

**REQUEST FOR ADMISSION NO. 14:**
CR ENGLAND, INC. is a proper party to this suit.

ANSWER:

**REQUEST FOR ADMISSION NO. 15:**
Admit defendant EARL MARQUAVIN EDWARDS was in the course and scope of employment with CR ENGLAND, INC..

ANSWER:

**REQUEST FOR ADMISSION NO. 16:**
Admit that Plaintiff was injured on November 24, 2014 because of your driver's negligence.

ANSWER:

**REQUEST FOR ADMISSION NO. 17:**
Admit that Plaintiff was injured on November 24, 2014 because of your negligence.

ANSWER:

15

## XVII.

### INTERROGATORIES TO DEFENDANT CR ENGLAND, INC. AND CR ENGLAND, INC. CORPORATION

Plaintiff propounds the following Interrogatories pursuant to Rule 197 of the Texas Rules of Civil Procedure. You are instructed to answer the following Interrogatories separately, fully, and under oath if required by Rule 197.2 Answers are due to Plaintiff's counsel's address within 50 days from service of these Interrogatories. Demand is made that you supplement your answers to these Interrogatories as required by Rule 193.5.

**INTERROGATORY NO. 1**: Please state the company's full and complete name, its place of incorporation; principal place of business and what type of legal entity it is. And include the business address and telephone number at the time of the incident.

ANSWER:

**INTERROGATORY NO. 2**: Please specify in what capacity EARL MARQUAVIN EDWARDS , director, shareholder or employee.   Additionally, state whether EARL MARQUAVIN EDWARDS had permission to drive the vehicle he was driving at the time of the incident in question.

ANSWER:

**INTERROGATORY NO. 3**: Did you ever give your employees any written or oral examinations or tests to determine your driving qualifications?  If yes, please describe the given tests, the material used to prepare for such tests, and the approximate dates of such tests.

ANSWER:

**INTERROGATORY NO. 4**: Have you ever been either a Plaintiff or Defendant in a lawsuit in Texas, other than this one?  If so, for each such lawsuit, please provide the Cause Number; style/parties of the case; year, county and state where it was filed; and describe the current or final disposition of the matter.

ANSWER:

**INTERROGATORY NO. 5**: Did you require your employees to attend safety meetings? If yes, please state whether attendance was mandatory, the material used at the safety meetings, describe the topics discussed, who instructed the safety meetings, and the approximate dates of the safety meetings.

ANSWER:

**INTERROGATORY NO. 6**: Did you have written safety policies and procedures that your employees were required to follow? If yes, please identify those written safety policies and procedures.

ANSWER:

**INTERROGATORY NO. 7**: Was a drug or alcohol test administered within 24-hours of the incident in question? If so, what was the result of each test? If one was not administered, please state the reason.

ANSWER:

**INTERROGATORY NO. 8**: Please identify the person(s) responsible for hiring and qualifying drivers at CR ENGLAND, INC.  In this Interrogatory, "identify" means to provide the name, title, job description, supervisor, employer, and phone number of the relevant person(s).

ANSWER:

**INTERROGATORY NO. 9**: Please identify the person who was driving the vehicle that struck Plaintiff's vehicle on November 27, 2013. In this Interrogatory, "identify" means to provide the name, title, job description, supervisor, employer, and phone number of the relevant person(s).

ANSWER:

**INTERROGATORY NO. 10**: Was the person identified in response to Interrogatory 9 acting in the course and scope of employment with CR ENGLAND, INC. when the incident occurred? If not, state the general factual and legal bases for your contention that the person was not acting in the course and scope of employment with you.

ANSWER:

**INTERROGATORY NO. 11**: Please identify the supervisor(s) of the person identified in response to Interrogatory 9 for the time period beginning six months before the incident at issue in this lawsuit and ending on the date of the incident. In this Interrogatory, "identify" means to provide the name, title, job description, supervisor, employer, and phone number of the relevant person(s).

ANSWER:

**INTERROGATORY NO. 12**:   Please identify the individual or entity responsible for

17

performing regular maintenance and/or repairs on the CR ENGLAND, INC., vehicle that was involved in the incident at issue in this lawsuit. In this Interrogatory, "identify" means to provide the name, title, job description, supervisor, employer, and phone number of the relevant person(s).

ANSWER:

**INTERROGATORY NO. 13:**  Please identify all written materials provided to the person identified in response to Interrogatory 9 during his/her employment or contractual relationship with CR ENGLAND, INC., In this Interrogatory, "identify" means to list the title, author, and short description of the written material.

ANSWER:

**INTERROGATORY NO. 14:**  Please describe your understanding of how the incident at issue in this lawsuit occurred.

ANSWER:

**INTERROGATORY NO. 15:**  As to each motor vehicle accident the person identified in response to Interrogatory 9 has been involved in and each traffic violation for which he/she has either paid a fine or attended a school in lieu of a fine for the last seven years, give the following information as required to be kept by Title 49, Code of Federal Regulations § 391.27:

    a.     Where it occurred (State, City, county, Court).

    b.     When it occurred (Month, Day, Year).

    c.     All injuries claimed and when and where any claims or suits were filed.

    d.     Final disposition or current status of each traffic violation and accident.

ANSWER:

## XVIII.

## REQUESTS FOR PRODUCTION TO ALL DEFENDANTS

Plaintiff propounds the following Requests for Production to Defendants EARL MARQUAVIN EDWARDS and CR ENGLAND, INC. pursuant to Rule 196. You are instructed to produce or permit the undersigned attorney to inspect and copy or reproduce the requested items at the offices of Plaintiff's attorney. Responses are due within 50 days of service of these Requests for Production.  You are asked to supplement your responses as required under the

Texas Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 1:**
Produce copies of your current driver's license and any other driver's licenses in your posses-
sion.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 2:**
Any cell phone bills that would show whether or not you were using a cell phone on the date of
the incident at issue in this lawsuit. This request includes, but is not limited to, cell phone bills
for the day of the incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 3:**
Any video, audio or photos (color copies specifically requested) of the Plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 4:**
Color copies of all photos taken in connection with Plaintiff's cause of action.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 5:**
Color copies of all photos of the crash scene or the surrounding area of the scene.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 6:**
Color copies of all photos of any vehicle involved in the collision at issue in this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 7:**
All photographs of the scene of the incident at issue in this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 8:**
Any and all drawings, maps, or sketches of the scene of the wreck made the basis of the suit.

RESPONSE:

19

**REQUEST FOR PRODUCTION NO. 9:**
All documents obtained by virtue of service of a subpoena or deposition on written questions obtained in this cause.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 10:**
All oral statements made by Plaintiff and/or Defendant(s) which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of Defendant(s), Defendants' attorney(s) or anyone acting on Defendants' behalf.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 11:**
A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about Plaintiff, which is in the possession, constructive possession, custody or control of Defendant(s), Defendants' attorney(s) or anyone acting on Defendants' behalf.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 12:**
All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that Defendant(s) advise Plaintiff accordingly and reduce such material to a tangible form).

RESPONSE:

**REQUEST FOR PRODUCTION NO. 13:**
A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 14:**
Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to Defendant(s), as a result of the crash which has been made the basis of Plaintiff's lawsuit.

20

RESPONSE:

**REQUEST FOR PRODUCTION NO. 15:**
Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of Defendant(s) that Defendant(s) prepared as a result of the crash made the basis of Plaintiff's lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 16:**
Copies of estimates, invoices, and/or any other written documentation which were prepared as a result of the damage to any vehicles involved in the crash made the basis of Plaintiff's lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 17:**
All pictures, motion pictures, movies, films, or photographic material of any kind taken of Plaintiff which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 18:**
All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of the lawsuit taken before, during or after the accident in question which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 19:**
All written statements made by the Plaintiff and/or Defendant in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 20:**
All oral statements made by Plaintiff and/or Defendant which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

21

RESPONSE:

**REQUEST FOR PRODUCTION NO. 21:**
All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that Defendant advise Plaintiff accordingly and reduce such material to a tangible form).

RESPONSE:

**REQUEST FOR PRODUCTION NO. 22:**
A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 23:**
Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to Defendant, as a result of the accident which has been made the basis of Plaintiff's lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 24:**
Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of Defendant that Defendant prepared as a result of the accident made the basis of Plaintiff's lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 25:**
Copies of estimates, invoices, and/or any other written documentation which were prepared as a result of the damage to any vehicles involved in the accident made the basis of Plaintiff's lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 26:**
Copies of any contracts or agreements between Defendant and any vehicle maintenance or repair services in effect on November 24, 2014.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 27:**

22

Copies of any and all books, documents or other tangible things which may or may not be introduced at trial, but which may have a bearing on Plaintiff's cause of action and may be used as demonstrative evidence at trial.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 28:**

If not otherwise provided, please produce the following:
1. Witness statements
2. Party statements
3. Police report
4. Photographs of scene -- laser color copies
5. Photographs of vehicles -- laser color copies
6. Diagrams/maps of scene
7. Repair invoices/estimates
8. Medical bills, records, and reports related to Plaintiff
9. Wage loss records related to Plaintiff
10. Any materials generated by special investigations unit related to Plaintiff
11. Any surveillance materials of Plaintiff or witnesses
12. Colossus dissection forms/input data
13. Colossus consultation report
14. Information obtained from PIP/Med Pay insurer
15. Copies of any investigative findings substantiating your denial of liability.
16. Copies of any investigative findings substantiating your denial of the claim for damages.

**REQUEST FOR PRODUCTION NO. 29:**
Produce all non-privileged correspondence that you have sent to or received from the Plaintiff, any insurance company or any third party that relate to or regard this incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 30:**
Produce copies of all documents related to the cargo you were carrying at the time of the incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 31:**
Produce copies of all logs, trip reports, trip envelopes, fuel receipts, accident reports, bills of lading, trip tickets, com.card receipts, expense records, and/or any other documents you were required to complete or turn in to your employer pertaining to the trip you were on at the time of the incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 32:**
Produce copies of all driver's logs and Official Driver's Inspection Report book required to be kept by you and documenting your driving activity from November 24, 2012 to November 24, 2014.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 33:**
Produce copies of all driver's logs and Official Driver's Inspection Report book required to be kept by you and documenting your driving activity from November 24, 2012 to November 24, 2014.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 34:**
Produce copies of all written material provided to you in the past five years, by CR ENGLAND, INC., regarding safety, defensive driving, operation and use of vehicles, procedures to be followed in case of an accident; maintenance and/or inspection procedures.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 35:**
Produce copies of your Driver Qualification & Identification Certificate card that you carried at the time of the incident and the card you currently carry.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 36:**
Produce copies of all liability claim denials and all reservation of rights letters or other documents relating to the liability claims, offsets, and/or liability insurance coverage available to cover claims arising out of the incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 37:**
Produce copies of your Application for Employment and any other documents pertaining to your employment with the company you were working for at the time of the incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 38:**
All documents related to the maintenance, repair, acquisition, loads, operation or travel of the vehicle involved in the collision in question. These documents should include, but are not lim-

24

ited to, trip sheets, fuel receipts, work orders, bills of lading, maintenance records, operations manuals, vehicle condition reports and other documents obtained regarding the vehicle.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 38:**
Produce copies of all documents related to EARL MARQUAVIN EDWARDS ' trip and cargo at the time of this incident in question.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 39:**
Produce copies of all logs, trip reports, trip envelopes, fuel receipts, accident reports, bills of lading, trip tickets, com.card receipts, expense records, and/or any other documents that were turned in by EARL MARQUAVIN EDWARDS from November 24, 2013 to November 24, 2014.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 40:**
Produce copies of all driver's logs and Official Driver's Inspection Report books turned in by EARL MARQUAVIN EDWARDS from November 24, 2012 to present.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 41:**
Produce copies of all written material that you provide to employees regarding safety, defensive driving; operation and use of vehicles, procedures to be followed in case of an accident; maintenance and/or inspection procedures.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 42:**
Produce EARL MARQUAVIN EDWARDS ' personnel file.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 43:**
All documents related to the inspection, maintenance, repair, acquisition, loads, operation or travel of the vehicle involved in the collision in question from March 2011 to the present. These documents should include, but are not limited to, trip sheets, fuel receipts, work orders, bills of lading, maintenance records, operations manuals, vehicle condition reports and other documents obtained regarding the vehicle.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 44:**

Produce all documents relating to any investigation, citation, or compliance review of your company from any local, county or state official or entity from November 24, 2012 to the present.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 45:**
Please produce all documents in your possession that the Plaintiff signed or authored.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 46:**
Produce all documents related to EARL MARQUAVIN EDWARDS in your possession.

RESPONSE:

## XIX.

### TEXAS RULE OF CIVIL PROCEDURE 193.7

Pursuant to TEXAS RULES OF CIVIL PROCEDURE 193.7, Plaintiff hereby gives notice to Defendants that any and all documents produced by each Defendants may be used against each Defendant producing the documents at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XX.

### JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues in this case.

## XXI.

### PRAYER

Plaintiff prays that citation be issued and Defendants be served, and upon trial on the merits, the Court enter judgment for Plaintiff and against Defendants, for the relief pleaded in this Petition and for such other and further relief to which the Plaintiff is entitled.

26

Respectfully submitted,

VILLARREAL & BEGUM, PLLC
5826 IH-10 West
San Antonio, Texas  78201
Tel. (210) 233-6904
Fax. (210) 233-8278


/s/ Augusto Guerra
Alexander Begum
State Bar No. 24031469
abegum@texaslegalgroup.com
Augusto Guerra
State Bar No. 24027358
aguerra@vblawgroup.com
**COUNSEL FOR PLAINTIFF**

Filed
10/22/2015 4:57:43 PM
Esther Degollado
District Clerk
Webb District
Sara Lopez
2015CVT003114D3

CAUSE NO. 2015CVT003114D3

| | | |
|---|---|---|
| RANDALL CONRAD KENNEDY | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 341ST JUDICIAL DISTRICT |
| | § | |
| EARL MARQUAVIN EDWARDS, | § | |
| CR ENGLAND, INC., AND CR | § | |
| ENGLAND, INC., CORPORATION | § | WEBB COUNTY, TEXAS |

### DEFENDANTS, C.R. ENGLAND, INC., AND "CR ENGLAND, INC., CORPORATION'S" ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, C.R. England, Inc., and "CR England, Inc., Corporation,"[1] and file this their Original Answer to the Plaintiff's Original Petition on file herein and for such answer would show the Court the following:

### I.

### GENERAL DENIAL

Defendants deny generally the allegations of Plaintiff's Original Petition (and any later filed amendment or supplement), and demand that such be proven by a preponderance of the evidence, as required by law.

### II.

### CREDITS

Defendants are entitled to a credit or offset for any monies Plaintiff has received or may receive by way of any settlement, loan receipt or other type agreement arising from Plaintiff's claims and causes of action.

---

[1] This Defendant has been incorrectly named. Defendant's correct name is "C.R. England, Inc."

## III.

## COMPARATIVE RESPONSIBILITY

Defendants assert that the injuries and damages complained of, if any, were caused in whole or in part by the acts, omissions, or conduct of parties not related to, or under the control of Defendants. Defendants, therefore, invoke the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including but not limited to the doctrines of sole, contributory and/or comparative fault. In this regard, Defendants request that the jury consider the fault, if any, of all claimants, all defendants, all setting parties, and all responsible third-parties.

## IV.

## LIMITATION OF RECOVERY OF HEALTH CARE EXPENSES

Defendants affirmatively plead the limitation on recovery of medical or health care expenses found in TEX. CIV. PRAC. & REM. CODE § 41.0105.

## V.

## LIMITATION ON RECOVERY OF CERTAIN ECONOMIC DAMAGES

To the extent Plaintiff seeks recovery to which it applies, Defendants plead the limitations on damage recovery bound in TEX. CIV. PRAC. & REM. CODE § 18.091. Defendants further request the Court to instruct the jury as required by that statute.

## VI.

## PUNITIVE DAMAGES DEFENSES

To the extent Plaintiff seeks punitive damages from Defendants, they assert all defenses and requirements of Chapter 41 of the Civil Practices and Remedies Code, including the limitations on

2

damages set forth in Section 41.008(b), and the requirement that proof be made by clear, and convincing evidence in Section 41.003(b).

## VII.

To the extent Plaintiff seeks punitive damages from Defendants, they state that the imposition of punitive damages against them in this cause would be fundamentally unfair, and would violate the Constitution of the United States, and Constitution of the State of Texas in the following respects:

a)    Said damages are intended to punish, and deter, and thus this proceeding is essentially criminal in nature;

b)    The assessment of punitive damages, a remedy that is essentially criminal in nature, without safeguards greater than that afforded by the Texas Civil Procedure and law, constitutes infliction of a criminal penalty without the safeguards guaranteed by the 5th, 6th, 8th, and 14th Amendments of the Constitution of the United States;

c)    Punitive damages under Texas procedure and law constitute an excessive fine, and violation of the 8th Amendment of the Constitution of the United States;

d)    That Plaintiff's prayer for punitive damages seek an unconstitutional remedy by seeking to impose an excessive fine within the meaning of the excessive fine clause of Article 1, sections 13 and 19 of the Constitution of the State of Texas;

e)    That Plaintiff's prayer for punitive damages seeks an unconstitutional remedy in terms of size, and obstructs the exercise of Defendants' right of access to the Courts in violation of the Due Process, and Contracts clauses of the United States Constitution as applied at both state, and federal levels;

f)    That assessing punitive damages would the double jeopardy protection afforded Defendants under both state, and federal law;

g)    Defendants are being compelled to be a witness against themselves in a proceeding essentially, and effectively criminal in nature, in violation of their right to due process, and in violation of the United States Constitution, and the Constitution of the State of Texas;

3

h)    Inasmuch as this proceeding is essentially, and effectively criminal in nature, Defendants are denied the requirement of adequate notice of the elements of the offense, and that the claimed authority for punitive damages is sufficiently vague, and ambiguous so as to be in violation of the due process clause of the Fourteenth Amendment of the United States Constitution, and in violation of the Constitution of the State of Texas;

I)    An award of such damages violates the equal protection clause of the Fourteenth Amendment of the Constitution of the United States, and the Constitution of the State of Texas in that the awarding of disproportionate judgments against a Defendant who commit similar offenses resulting in similar injury, but who differ only in material wealth, constitutes an arbitrary, and invidious discrimination prohibited by said equal protection clauses; and,

j)    An award of punitive damages based on anything other than Defendants' conduct in connection with the incident made the basis of this lawsuit would violate the due process provisions of the Texas Constitution, and would be improper under the common law, and public policies of the State of Texas because any other basis for awarding punitive damages in this case would not protect Defendants against impermissible multiple punishment for the same wrong.

## VIII.

Defendants affirmatively plead, pursuant to *Transportation Insurance Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994) that upon the trial of this matter the punitive damages issue in this case be bifurcated, and tried separately from other issues in this case.

## IX.

Defendants affirmatively plead that, in the event punitive damages are submitted, proper jury instructions be given pursuant to *Moriel, supra, Pacific Mutual Life Insurance Company v. Haslip,* 499 U.S. 1, 111 S. Ct. 1032 (1991), and *State Farm v. Campbell,* 538 U.S. 408, 123 S. Ct. 1513 (2003).

4

## X.

Defendants would further affirmatively plead that in the event punitive damages are awarded in this case, this Honorable Court review the award pursuant to the standards set forth in *Haslip*, *Moriel*, and *Campbell*, supra, to ensure that the verdict is not unconstitutional and/or excessive.

## XI.

### <u>REQUEST FOR JURY TRIAL</u>

Defendants respectfully request a trial by jury.

### <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendants, C.R. England, Inc., and "CR England, Inc., Corporation," pray that Plaintiff take nothing by his cause of action, that Defendants recover their costs incurred herein, and for such other and further relief, both at law, and in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

**DUNN, WEATHERED, COFFEY,
RIVERA & KASPERITIS, P.C.**
611 S. Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594
(361) 883-1599 Telecopy
Email: <u>austin@texasdefenselaw.cc</u>

By:   <u>/s/ Austin L. Webber</u>
Austin L. Webber
State Bar No. 24066271

ATTORNEYS FOR DEFENDANTS, C.R. ENGLAND, INC., AND "CR ENGLAND, INC., CORPORATION"

5

## CERTIFICATE OF SERVICE

This is to certify that on the 22ⁿᵈ day of October, 2015, this document was electronically filed pursuant to TEX. R. CIV. P. 21(f)(1) and a true and correct copy was served on counsel of record listed below through the electronic filing manager if the email address is on file with the electronic filing manager, pursuant to TEX. R. CIV. P. 21a(a)(1). If the email address of any attorney listed below is not on file with the electronic filing manager, a true and correct copy of this document was served pursuant to TEX. R. CIV. P. 21a(a)(2).

**Via Electronic Service**
**& First Class Mail**
Mr. Augusto Guerra
VILLARREAL & BEGUM, PLLC
5826 IH-10 West
San Antonio, Texas 78201

ATTORNEYS FOR PLAINTIFF

/s/ Austin L. Webber
Austin L. Webber